IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOE A. GALLEGOS,

    Plaintiff,

vs.                                                      CIV No. 01-1024 MV/DJS

COUNTY OF TAOS; TAOS COUNTY
SHERIFF CHARLIE MARTINEZ;
TAOS COUNTY SHERIFF DEPUTIES
JOSE MARTINEZ, CELEDON
GALLEGOS, and KENNY MONDRAGON;
COUNTY OF SAN MIGUEL; JOHN DOE I
and JOHN DOE II,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Opposed Motion for Leave to File Amended Complaint **[Doc. No. 15]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well taken and will be **GRANTED**.

### BACKGROUND

In his Complaint, removed to this Court on September 4, 2001 **[Doc. No. 1]**, Plaintiff alleges that Defendants committed (1) false arrest, (2) false imprisonment, (3) assault and battery, (4) negligent hiring, training, and supervision, and (5) violated his civil rights through their actions

regarding the investigation against him for domestic violence and his subsequent detention for allegedly striking an officer and/or an unrelated misdemeanor charge.  Plaintiff also alleges that, during these events, Defendants inflicted pain on his pre-existing leg injury and then denied medical attention for this injury.

Defendants promptly answered the Complaint on September 10, 2001 **[Doc. No. 2]**. Plaintiff now moves the Court to amend the Complaint in order to include allegations against John Doe III, a medical provider contracted by Defendant San Miguel County Detention Center. Defendants oppose this Motion because they claim such amendment would be futile.

## STANDARDS

Rule 15(a) of the Federal Rules of Civil Procedure provides that once a responsive pleading has been served, "a party may amend the party's pleading only by leave of court . . . ; and leave shall be freely given when justice so requires."

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Foman v. Davis, 371 U.S. 178, 182 (1962); see also Hom v. Squire, 81 F.3d 969 (10th Cir. 1996).

**DISCUSSION**

Defendants assert that amending the Complaint to include allegations against John Doe III would be futile because notice was not properly given to San Miguel County of Plaintiff's allegations that the County was negligent in its provision of medical care. Upon review of the record before it, the Court finds that Defendants' arguments are without merit and that amendment of the Complaint would not be futile.

New Mexico law provides that:

> Every person who claims damages from the state or any local public body under the Tort Claims Act . . . shall cause to be presented to . . . the county clerk of a county for claims against the county, or to the administrative head of any other local public body for claims against such local public body, within ninety days after an occurrence giving rise to a claim for which immunity has been waived under the Tort Claims Act, a written notice stating the time, place and circumstances of the loss or injury.

N.M. Stat. Ann. § 41-4-16 (Michie 1996). As a procedural matter, it is "defendants' burden to sustain their defense that the notice requirements had not been met." Ferguson v. New Mexico State Highway Comm'n, 642 P.2d 740, 742 (N.M. Ct. App. 1981), rev'd on other grounds, 652 P.2d 230 (N.M. 1982).

Plaintiff sent a written notice to the San Miguel County Detention Center Administrator on October 24, 1999, within the requisite ninety-day time period. In this notice, Plaintiff stated that "Taos County Jail Administrator and the San Miguel County Detention Center Administrator are named for violating my civil rights by refusing to provide medical attention for my injuries." (Pl.'s Reply Ex. A.) Clearly, the head of the local public body—in this case, the Administrator of the County Detention Center—received notice of the claims against that local body; thus,

Defendants have not met their burden of demonstrating that Plaintiff failed to meet the notice requirement. The Court notes that Plaintiff has named San Miguel County as a defendant, rather than the San Miguel County Detention Center, but that should not prevent Plaintiff from being able to amend his Complaint.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion for Leave to File Amended Complaint **[Doc. No. 15]** is hereby **GRANTED**. Plaintiff may move to alter the caption to name San Miguel County Detention Center, rather than San Miguel County, as a defendant in this matter.

Dated this 12th day of April, 2002.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
Stephen M. Peterson, Esq.

Attorneys for Defendants:
William D. Slease, Esq.
Jonlyn M. Martinez, Esq.